## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY GARDNER, | ) |
| | ) CIVIL ACTION NO.: 3:21-cv-86 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| OM GANESH ONE INC. d/b/a | ) |
| WIRELESS NATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Brittany Gardner, a resident of York County, Pennsylvania, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, Om Ganesh One Inc. d/b/a Wireless Nation, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331.

2. This Court has, and should exercise, supplement jurisdiction over Plaintiff's state claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, specifically Altoona, Blair County, Pennsylvania.

**THE PARTIES**

4. Plaintiff, Brittany Gardner ("Ms. Gardner"), is an adult individual residing at 132 South Beaver Street, York, York County, Pennsylvania 17401.

5. Defendant Om Ganesh One Inc. d/b/a Wireless Nation ("Wireless Nation") is a Maryland corporation with a home office address of 39 Kensington Parkway, Abingdon, Maryland 21009.

6. Wireless Nation is a Verizon Wireless authorized retailer with locations in Maryland, Delaware, New Jersey, Virginia, and Pennsylvania.

7. At all times relevant to this Complaint, Wireless Nation employed in excess of one hundred (500) individuals.

**ADMINISTRATIVE PROCEEDINGS**

8. On or about May 8, 2020, Ms. Gardner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2019-04105, alleging sexual harassment and retaliation which occurred during her employment with Wireless Nation, as well as wrongful termination.

9. Ms. Gardner instructed the EEOC to cross file her Charge with the Pennsylvania Human Relations Commission for the purpose of preserving her rights under the Pennsylvania Human Relations Act (the "PHRA"), 42 P.S. §951, et. seq.

10. Ms. Gardner has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC dated February 25, 2021.

11. Ms. Gardner has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## **STATEMENT OF FACTS**

12.     Ms. Gardner was hired by Wireless Nation in or about early June 2019 and assigned to work as a Sales Representative at its store in Altoona, Pennsylvania.

13.     Immediately upon her hiring, Ms. Gardner was made to work closely with Altoona Store Manager, Jonathan Jusino.

14.     At all times during her employment, Ms. Gardner had a diligent work ethic and an exceptional performance record, as illustrated by her sales and friendly demeanor with customers.

15.     Unfortunately, in or about July 2019, Mr. Jusino began to make inappropriate sexual comments towards Ms. Gardner while at work about her body and text her every day to the point where she began to feel uncomfortable.

16.     Mr. Jusino's behavior escalated as he started to grope Ms. Gardner in the store by putting his hands on her hips or coming up from behind and thrusting his pelvis into her.

17.     Ms. Gardner would never pursue or provoke Mr. Jusino's actions and would rebuke his conduct on each occasion.  However, Mr. Jusino would just laugh and continue with his assaults.

18.     In or about August 2019, Ms. Gardner reported Mr. Jusino's inappropriate conduct to her Store Assistant Manager, Jeremiah Yeomas.

19.     Mr. Yeomas asked whether Ms. Gardner had ever formally demanded Mr. Jusino to stop or spoke to him about how she felt regarding his actions towards her.

20.     At that time, Ms. Gardner admitted to Mr. Yeomas that she had never formally demanded him to stop because she was scared and uncomfortable.

21. During Ms. Gardner's conversation with Mr. Yeomas, another co-worker of Ms. Gardner's, Lauren, stepped into the conversation and stated that she had also experienced the same harassment from Mr. Jusino.

22. Due to this knowledge, Mr. Yeomas requested that Ms. Gardner attempt to speak with Mr. Jusino, however, if she could not, then Mr. Yeomas would have a discussion with him.

23. Directly after her conversation with Mr. Yeomas and Lauren, Ms. Gardner had a one-on-one meeting with Mr. Jusino, where she demanded him to stop his lewd behavior and to act professionally.

24. For the month of August 2019, Mr. Jusino seemed to respect Ms. Gardner's demand, however, in September 2019, Mr. Jusino's began to act out again.

25. In or about September 2019, Mr. Jusino began to more forcefully grope Ms. Gardner in the store in front of employees and customers and directly ask her for sex.

26. Mr. Justino would stalk Ms. Gardner out in the store parking lot and refuse to let her leave upon closing or at the end of her shift unless she kissed him.

27. Ms. Gardner threatened to report Mr. Jusino to Human Resources if he continued his actions, yet, he would laugh and reply that he would "get one free pass a day."

28. Upon hearing this response, Ms. Gardner began to fear coming to work and experienced daily stress and anxiety while working with Mr. Jusino.

29. Mr. Jusino used Ms. Gardner's fear and compliance to victimize her even more as he exposed himself to her and forced her to perform oral sex on him during store hours.

30. In or about December 2019, Ms. Gardner called off work three (3) days in a row due to the severe stress and anxiety caused by the sexual harassment from Mr. Jusino.

31. While Ms. Gardner was out of work due to this severe stress and anxiety, her District Manager, Derek Megger, reached out to her by phone and inquired what was wrong.

32. Ms. Gardner explained to Mr. Megger about the continued sexual harassment that she had been experiencing from Mr. Jusino and that she could not handle it anymore.

33. In response to Ms. Gardner raising these concerns, Mr. Megger laughed at her and stated nonchalantly, "I think he's a sex addict," and "this has happened before."

34. Perplexed by Mr. Megger's response, Ms. Gardner asked Mr. Megger what he would do about Mr. Jusino's behavior, to which he replied that he would put the "fear of God" in Mr. Jusino and talk with him.

35. Mr. Megger then explained that he would give Ms. Gardner an additional few days to think it over and await to hear her response on whether she was coming back to work. However, it was clear that Ms. Gardner would still have to work with Mr. Jusino.

36. Unbeknownst to Ms. Gardner at this time she spoke to Mr. Megger, Mr. Jusino had officially terminated her for pre-textual reasons due to missing three (3) days of work for her mental health.

37. On or about December 22, 2019, Ms. Gardner communicated to Mr. Megger by text message that she could not return to her position if she was required to

work under Mr. Jusino. She did not receive a response back in return to her text message and, therefore, did not return to work.

38. Subsequently, a day or two later, the Altoona store Training Manager, Alex Lawyer, contacted Ms. Gardner to ask why her sales were down.

39. When Ms. Gardner advised Mr. Lawyer of the sexual harassment she had endured from Mr. Jusino, Mr. Lawyer informed her that he would have to report the harassment to Human Resources.

40. After Mr. Lawyer's report, Ms. Gardner was contacted by Human Resources Management and Mr. Megger, where the harassment was discussed, and Ms. Gardner was asked whether she would return to work.

41. Ms. Gardner promptly responded that she would return to her position so long as it would not be under the management of Mr. Jusino.

42. Human Resources did not respond to Ms. Gardner's statement but merely requested proof of Mr. Jusino's harassment.

43. Ms. Gardner provided txt messages, e-mails, and Facebook messages illustrating the continuing severe and pervasive harassment she endured. Yet upon receiving the information, rather than seek to remedy the situation and allow Ms. Gardner to return to a workplace free to sexual harassment, Human Resources wished Ms. Gardner the "best in her future opportunities."

### COUNT I
### SEXUAL DISCRIMINATION AND HARASSMENT
### VIOLATIONS OF TITLE VII

44. The averments of Paragraphs 1 through 43 above are incorporated by reference as though fully set forth herein.

45. Wireless Nation created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its retail store in Altoona, Pennsylvania where Ms. Gardner worked, which hostile environment was ongoing and pervasive throughout Ms. Gardner's employment.

46. The acts of Wireless Nation, and its officers, agents and employees manifesting and permitting this hostile environment included allowing Ms. Gardner's store manager to sexually harass her, and continuing to allow this situation to occur despite Ms. Gardner's repeated complaints and reports.

47. The sexually hostile environment was specifically known to Wireless Nation's management and Human Resources Department, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment for many months following Ms. Gardner's initial report.

48. As a consequence of the hostile environment supported and encouraged by Wireless Nation's actions and failures to act, Ms. Gardner was subjected to emotional distress, physical injury, a loss of self-respect and confidence, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

49. The actions of Wireless Nation set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Brittany Gardner respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Om Ganesh One Inc. d/b/a

Wireless Nation, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## RETALIATION
## VIOLATIONS OF TITLE VII

50. The averments of Paragraphs 1 through 49 above are incorporated by reference as though fully set forth herein.

51. Wireless Nation illegally retaliated against Ms. Gardner by terminating her employment as a result of Ms. Gardner's good faith complaints of sexual harassment by Mr. Jusino.

52. As a consequence of Wireless Nation's retaliatory actions, Ms. Gardner was subjected to economic loss, damage to her professional career, emotional distress, physical injury, a loss of self-respect and confidence, humiliation and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

53. The actions of Wireless Nation set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Brittany Gardner respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Om Ganesh One Inc. d/b/a Wireless Nation, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable

Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III
## VIOLATIONS OF THE PHRA

54. The averments of Paragraphs 1 through 53 above are incorporated by reference as though fully set forth herein.

55. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count III arises out of the same facts, events and circumstances as Counts I and II, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

56. By creating, permitting, tolerating, encouraging and fostering a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its retail store in Altoona, Pennsylvania where Ms. Gardner worked, Wireless Nation violated Ms. Gardner's state rights under the PHRA, which prohibits discrimination and harassment based upon a gender with respect to the continuation and tenure of employment.

57. Wireless Nation further violated Ms. Gardner's state rights under the PHRA by retaliating against her and terminating her employment in response to good faith complaints of sexual harassment.

58. As more fully set forth in Counts I and II, Ms. Gardner has suffered directly and solely as a result of Wireless Nation's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Brittany Gardner respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Om Ganesh One Inc. d/b/a Wireless Nation, together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

Respectfully submitted,

**Weisberg Cummings, P.C.**

May 10, 2021  
Date

*/s/ Larry A. Weisberg*  
Larry A. Weisberg  
PA Bar I.D. #: PA83410  
lweisberg@weisbergcummings.com

*/s/ Derek W. Cummings*  
Derek W. Cummings  
PA Bar I.D. #: PA83286  
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*  
Steve T. Mahan  
PA Bar I.D. #: PA313550  
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B  
Harrisburg, PA 17110  
(717) 238-5707  
(717) 233-8133 (FAX)

*Attorney for Plaintiff*